```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

DAVID WATTLETON,                  )
                                  )
         Plaintiff,               )
                                  )
         v.                       )
                                  )    C.A. No. 04-40182-JLT
SALLY JOHNSON, M.D.,              )
Medical Director,                 )
Federal Bureau of Prisons,        )
                                  )
         Defendant.               )
```

MEMORANDUM AND ORDER ON APPLICATIONS TO
<u>PROCEED WITHOUT PREPAYMENT OF FEES</u>

For the reasons stated below, the Court denies without prejudice the plaintiff's application to proceed without prepayment of the filing fee.

<u>BACKGROUND</u>

Plaintiff David Wattleton is currently in custody at FMC Devens in Ayer, Massachusetts. He was civilly committed in 2000 after being acquitted by reason of insanity of making telephonic bomb threats. <u>See</u> <u>United States v. Wattleton</u>, 110 F. Supp. 2d 1380 (N.D. Ga. 2000), <u>aff'd</u>, 296 F.3d 1184 (11th Cir.), <u>cert. denied</u>, 527 U.S. 924 (2002). Wattleton was confined at FMC Butner in North Carolina prior to being transferred to FMC Devens in the summer of 2004.

On September 3, 2004, Wattleton filed a pleading captioned as a "Petition for Writ of Manadamus." In his petition, Wattleton claims that some of the information in

Wattleton's medical records at the time he was civilly committed was inaccurate. He reports that the Bureau of Prison was made aware of the inaccuracies and corrected their records accordingly. Wattleton now asks that the Court order the defendant "to write a letter to the United States Attorney's Office and inform them of the discrepancies in his medical records." Pet. at 1.

Wattleton also filed an application to proceed without prepayment of the filing fee assessed for bringing this action. In the application, Wattleton reports that he has not received income from any source in the past twelve months. He also represents that he does not have any cash, checking or savings accounts, or non-liquid assets. Wattleton did not provide any information concerning any trust fund accounts at FMC Devens or FMC Butner. Instead, Wattleton simply states that he does not need to submit a six month prison account statement because he is not a prisoner within the meaning of 28 U.S.C. § 1915(h).

## DISCUSSION

The Court denies Wattleton's applications to proceed <u>in forma pauperis</u> because it appears that the information Wattleton provided in his application is incomplete.

I.   Applicability of 28 U.S.C. § 1915(a)(1)

Wattleton is correct in stating that civilly committed patients are not "prisoners" within the meaning of 28 U.S.C. § 1915(h).  See Kolocotronis v. Morgan, 247 F.3d 726, 728 (8th Cir. 2001); Trouville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002); Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000); King v. Greenblatt, 53 F. Supp. 2d 117, 138 (D. Mass. 1999). The Court therefore agrees with Wattleton that he is not required to submit the certified prison account statement required of prisoners under 28 U.S.C. § 1915(a)(2).

Nonetheless, Wattleton's applications to proceed without prepayment of the filing fee must meet the requirements of 28 U.S.C. § 1915(a)(1).  This provision permits federal courts to authorize the commencement of a lawsuit without prepayment of the filing fee "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security." 28 U.S.C. § 1915(a)(1).  Despite the statute's use of the phrase "such prisoner" the affidavit requirement applies to all persons requesting leave to proceed in forma pauperis. See Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (per curiam); Haynes v. Scott, 116 F.3d 137, 139-40 (5th Cir. 1997); Floyd v. United States Postal Serv.,

105 F.3d 274, 275-77 (6th Cir. 1997), abrogated in part by statute on other grounds, see Callihan v. Schneider 178 F.3d 800, 803 (6th Cir. 1999); Fridman v. City of New York, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).[1]  Moreover, the standard application to proceed without prepayment of the filing fee used by the Court requires the applicant to sign under penalty of perjury that the information therein is true and correct.

II.  Information Provided by Wattleton

Here, it appears that Wattleton has not provided all of the information required by 28 U.S.C. § 1915(a)(1) nor has he fully or accurately responded the questions in the application to proceed in forma pauperis.  On the one hand, Wattleton states in his application that he has not received any income for the past twelve months, and that he does not have any cash or checking or savings accounts.  On the other hand, Wattleton represents in another pleading filed with this Court that he does have a trust fund account at FMC Devens (which the Court considers to be a form of cash or a savings account) and that

---

[1] The use of the word "prisoner" in 28 U.S.C. 1915(a)(1) appears to be a typographical error .  See In re Perry v. Secretary of Hous. & Urban Dev., 223 B.R. 167, 169 n.2 (8th Cir. 1998); Leonard v. Lacy, 88 F.3d 181, 183 (2d Cir. 1996); 1 James Wm. Moore, et al., Moore's Federal Practice § 4.40[1] (3d ed. 2000).

deposits are made to that account (suggestive of income).  See Wattleton v. John Doe, 04-40206-PBS (D. Mass.) (docket entry 1, filed Oct. 14, 2004) (alleging that FMC Devens officials violated 28 U.S.C. § 1915 by collecting multiple filing fees simultaneously rather than sequentially).[2]

In light of Wattleton's failure to comply with the affidavit requirements of 28 U.S.C. § 1915(a)(1), the Court cannot make a finding that Wattleton is entitled to proceed in forma pauperis.  Accordingly, the Court denies the motion to proceed in forma pauperis without prejudice.  Wattleton may file a new motion to proceed in forma pauperis; he is advised, however, that he must report in that application the source of any income he has received in the past year, including the source of deposits to any prison trust fund accounts.  He must also treat trust fund accounts as cash or savings accounts when responding to question number four on the standard application provided by the Court.

If Wattleton does not pay the filing fees or submit new applications to proceed in forma pauperis within forty-two

---

[2]Further, although Wattleton clearly had a trust fund account and money was being deposited into that account at the time he filed the complaint in Wattleton v. John Doe, he represented in his application to proceed in forma pauperis in that case (docket entry 2) that he had not received income in the preceding twelve months and that he did not have cash or a savings account.

5

days of the date of this order, his cases will be dismissed without prejudice for failure to pay the filing fee.

## CONCLUSION

Accordingly, the Court denies without prejudice Wattleton's motion to proceed in forma pauperis. If Wattleton chooses to proceed with prosecution of this case, he must, within forty-two (42) days of the date of this order, pay the filing fee or submit a new application for waiver of the filing fee containing all of the information requested therein and signed under pains of perjury.

The Clerk shall provide an application to proceed in forma pauperis to the plaintiff.

SO ORDERED.

 3/9/05                                    /s/ Joseph L. Tauro
DATE                                       UNITED STATES DISTRICT JUDGE