```
             UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS
```

DAVID WATTLETON,                )
                                )
     Plaintiff,                 )
                                )
     v.                         )
                                )    C.A. No. 04-40182-JLT
SALLY JOHNSON, M.D.,            )
Medical Director,               )
Federal Bureau of Prisons,      )
                                )
     Defendant.                 )

## MEMORANDUM AND ORDER OF DISMISSAL

For the reasons stated below, the Court denies the plaintiff's motion for summary judgment and orders that this case be dismissed.

### BACKGROUND

On September 3, 2004, plaintiff David Wattleton, currently in custody at FMC Devens, filed a pleading captioned as a "Petition for Writ of Manadamus." In his petition, Wattleton asked the Court to order the defendant "to write a letter to the United States Attorney's Office and inform them of the discrepancies in his medical records." Pet. at 1. Wattleton also filed an application to proceed without prepayment of the filing fee assessed for bringing this action. In the application, he failed to include any information concerning his prison accounts, stating that he is not a prisoner within the meaning of 28 U.S.C. § 1915(h).

Because Wattleton failed to comply with the affidavit requirements of 28 U.S.C. § 1915(a), on March 9, 2005, the Court

issued an order denying without prejudice Wattleton's motion to proceed in forma pauperis. The Court directed Wattleton to either pay the filing fee or submit a new application to proceed in forma pauperis containing all relevant financial information. The Court also stated that, if Wattleton failed to take either action within forty-two days of the date of the order, his case would be dismissed without prejudice for failure to pay the filing fee.

On May 23, 2005, seventy-five days after the Court denied Wattleton's application to proceed in forma pauperis, Wattleton filed a pleading captioned as a Motion Requesting Summary Judgment, the entirety of which is as follows:

> COMES NOW, the plaintiff, David Wattleton, through pro se, hereby files this pleading in the district court requesting summary judgment pursuant to the Federal Rules of Civil Procedure Rule 56, against the defendant in the above captioned case. Mr. Wattleton believes that the defendant cannot and has not provided evidence or information so overwhelming there is no basis for a trial and specific factual findings. Therefore, he request [sic] that this court should grant his application to proceed informa [sic] pauperis in his petition for a writ of mandamus.

Mot. at 1.

## DISCUSSION

Although Wattleton captioned his May 23, 2005 pleading as a motion for summary judgment, he does not ask that the Court enter judgment in his favor. Rather, the relief he requests is that the Court grant his application to proceed in forma pauperis.

2

To the extent that Wattleton intends his pleading to be construed as a motion for summary judgment, the Court denies the motion without prejudice. Because Wattleton has not paid the filing fee and the Court has not allowed Wattleton to proceed without prepayment of the filing fee, a summons has not issued. Thus, the defendant has not been served with the complaint and ordered to submit a response thereto. Any motion for summary judgment is therefore unquestionably premature at this time. To the extent that Wattleton intends his pleading to be construed as a new motion to proceed in forma pauperis, the Court denies the motion. The actual or perceived merits of Wattleton's request for a writ of mandamus are no substitute for compliance with the affidavit requirement of 28 U.S.C. § 1915(a).

In its March 9, 2005 order, the Court clearly stated that it would dismiss this case if Wattleton did not, within forty-two days, pay the filing fee or submit a new application to proceed in forma pauperis, using the standard application provided by the Court and disclosing all relevant information concerning his assets, including the existence and balances of prison accounts. In filing his so-called motion for summary judgment seventy-five days after March 9, 2005, Wattleton has utterly failed to comply with the temporal and substantive requirements of the Court's order. The Court therefore orders that this case be dismissed without prejudice for failure to pay the filing fee.

## CONCLUSION

Accordingly, the Court (1) denies Wattleton's motion for summary judgment; and (2) orders that this case be dismissed without prejudice for failure to pay the filing fee.

SO ORDERED.

```
 9/6/05                              /s/ Joseph L. Tauro
DATE                                UNITED STATES DISTRICT JUDGE
```